Ghale v. Holder

BIA
Laforest, IJ
A093 354 155

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13ᵗʰ day of March, two thousand fifteen.

PRESENT:
        JOSÉ A. CABRANES,
        DEBRA ANN LIVINGSTON,
        SUSAN L. CARNEY,
            *Circuit Judges.*

_____

RAM GHALE,
        *Petitioner,*

        v.                                      13-2004
                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Julie Mullaney, Mount Kisco, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney
                     General; Anthony W. Norwood, Senior
                     Litigation Counsel; Kathryn L.
                     DeAngelis, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ram Ghale, a native and citizen of Nepal, seeks review of an April 25, 2013 order of the BIA, affirming the January 30, 2012 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture. *In re Ram Ghale*, No. A093 354 155 (B.I.A. Apr. 25, 2013), *aff'g* No. A093 354 155 (Immig. Ct. New York City Jan. 30, 2012). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances of this case, we review the decisions of both the IJ and the BIA. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

As the government correctly notes, Ghale failed to exhaust his current challenge to the IJ's dispositive adverse credibility determination before the BIA. In addition to the statutory requirement that petitioners

2

exhaust each category of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must raise specific issues with the BIA before raising them in this Court. *See Foster v. INS*, 376 F.3d 75, 77-78 (2d Cir. 2004) (per curiam). Issue exhaustion is mandatory: "If the government points out to the appeals court that an issue relied on before that court by a petitioner was not properly raised below, the court must decline to consider that issue, except in [] extraordinary situations." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 107 n.1 (2d Cir. 2007). If the BIA chooses to address an issue that the petitioner failed to raise, we may, but need not, choose to review the BIA's decision on the issue. *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir. 1993).

Here, the BIA summarized the grounds for the IJ's adverse credibility determination and found no clear error. Although that description could provide a foothold to review the adverse credibility determination, we decline to review it because Ghale has waived review by failing to challenge the "findings that informed the IJ's adverse credibility determination." *Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008); *see Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542

3

n.1 (2d Cir. 2005) ("'Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.'" (quoting *Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998))).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
